NOT DESIGNATED FOR PUBLICATION

No. 120,277

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN JAMES DICKEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Austin Dickey appeals the sentence he received after pleading guilty to one count of theft of property. Based on a criminal-history score of A (the most serious criminal-history score on a scale from A to I), Dickey received the standard presumptive sentence of 16 months in prison. The court's written sentencing journal entry also included 12 months of postrelease supervision, though that wasn't stated by the trial judge during the sentencing hearing. And the court ordered at sentencing that Dickey pay the "verifiable" restitution, which was set at a later hearing at $1,153.

On appeal, Dickey makes two arguments: (1) the district court erred in failing to announce Dickey's postrelease supervision from the bench and (2) the district court abused its discretion by relying solely on the lay testimony of the property owner for the amount of restitution.

First, as for the district court's failure to announce his postrelease supervision, Dickey recognizes that the appellate court is statutorily prohibited from hearing appeals of agreed-upon sentences. K.S.A. 2018 Supp. 21-6820(c)(2). And K.S.A. 2018 Supp. 22-3717(d)(1)(C) requires a "mandatory period of postrelease supervision" of 12 months for "persons sentenced for nondrug severity levels 7 through 10 crimes."

It's true that the district court is supposed to pronounce (or state orally) at the sentencing hearing the complete sentence, which includes the "period of postrelease supervision." K.S.A. 2018 Supp. 21-6804(e)(2)(C). But the Legislature has recognized that this may happen sometimes, so it has also provided that the district court's failure to "pronounce" postrelease supervision does not "negate the existence of such period of postrelease supervision." K.S.A. 2018 Supp. 21-6804(e)(2)(C). Because the sentence of 12 months' postrelease supervision was mandatory and the failure to announce it from the bench at sentencing does not negate the validity of the sentence, we find no reversible error here.

Second, as for the district court's reliance on the property owner's testimony to establish the restitution amount, Dickey recognizes that property owners are presumed to know the value of their property and may offer competent testimony to that value. See *Ultimate Chem. Co. v. Surface Transp. Int'l, Inc.*, 232 Kan. 727, 729-30, 658 P.2d 1008 (1983); *State v. Makupa*, No. 96,936, 2007 WL 4571098, at *2-3 (Kan. App. 2007) (unpublished opinion). Dickey agreed to pay verifiable restitution—thus the trial court's initial order that he pay "verifiable" restitution—and the district court held an evidentiary hearing to determine that amount. The property owner's testimony about value was admitted in evidence and thus the district court could rely on it in determining the restitution amount.

We review the restitution for abuse of discretion. See *State v. Hall*, 297 Kan. 709, 711-12, 304 P.3d 677 (2013). Unless the district court makes a factual or legal error, its ruling will be upheld unless "no reasonable person would have taken the view adopted by the trial court." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Here, the record shows that the State put on sufficient evidence in the form of testimony by the victim about the property damage and replacement value of her stolen goods. And for one disputed amount, the district court awarded only $600 of the requested $662.24 to award only the "fair market value" and not the replacement value. See *Hall*, 297 Kan. at 712-14. We find no abuse of discretion here.

On Dickey's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record available to the sentencing court, we find no reversible error in the failure to pronounce the postrelease supervision from the bench. We also find no error in the amount set for restitution.

We therefore affirm the district court's judgment.